[Civ. No. 65315. Second Dist., Div. Four. Nov. 19, 1982.]

LEONARD FOX, Plaintiff and Appellant, v.
MGM GRAND HOTELS, INC., et al., Defendants and Respondents.

COUNSEL

Alschuler, Grossman & Pines, Marshall B. Grossman, Robert A. Shlachter, Terri Towery and Karen Kaplowitz for Plaintiff and Appellant.

Wyman, Bautzer, Rothman, Kuchel & Silbert, Terry Christensen, J. Jay Rakow and Maria Echaveste for Defendants and Respondents.

OPINION

**KINGSLEY, Acting P. J.**—Plaintiff brought a class action on behalf of the holders of unsecured debentures issued by Metro-Goldwyn-Mayer, Inc. (MGM), the predecessor of defendants MGM Grand Hotels, Inc. (Hotels) and Metro-Goldwyn-Mayer Film Company (Film Co.). In 1980, several years after the debentures were issued, MGM decided to divide its business into two separate corporations—one to operate the hotel business and one to operate the business of producing films. Pursuant to that decision, MGM transferred all of its assets involved in the film business to a new corporation (Film Co.), in exchange for all of the stock in that new corporation. MGM then, having changed its corporate name to MGM Grand Hotels, Inc. (Hotels), distributed the Film Co. stock to its shareholders in proportion to those shareholders' proportionate interest in MGM.

The theory of the complaint is that that series of transactions resulted in a decline of the market value of the debentures, since it left Hotels with only about 50 percent of its former assets and the debentures were no obligations of Film Co. The complaint is in four causes of action: the first alleging fraud; the second a fraudulent transfer; the third for breach of fiduciary duty; and the fourth against the majority stockholders of MGM for inducing a breach of fiduciary duty by MGM. The trial court sustained a general demurrer to all four causes of action, with leave to amend. Plaintiff elected to stand on the complaint and the action was dismissed.

## I

We are here treated to lengthy discussions of the cases which deal with the duty of a corporate debtor toward its creditors. From our reading of those cases, we conclude as follows: a corporate creditor, like any other unsecured creditor, runs the risk that his debt may not be paid because of a decline in the general business climate, because of poor management by the debtor, or disaster to the debtor from fire[1] or theft. He does have a right not to have the debtor deliberately act for the purpose of impairing the creditor's legitimate business expectations. But those expectations are only that the debt, with interest, will be paid when due. He has no enforceable right to have the market value of his debt unimpaired, so long as he is paid interest and principal when due.

Although, as defendants complain, the pleadings do not incorporate the indenture under which the debentures were issued, the complaint does allege one item in that document. A pleader may, permissibly, allege the contents of an instrument by its general terms. The term herein involved limited the power of MGM to encumber its assets. The effect of the series of transactions herein involved was to free the assets transferred to Film Co. from that limitation.

■ We agree with the trial court that the first cause of action was fatally defective in that it never alleged the elements of classical or constructive fraud.

■ The second cause of action does attempt to allege a classic case of fraudulent transfer, in that it alleges that the transfer of assets to Film Co. was without consideration. However, the other allegations in the complaint belie that contention. In exchange for the assets transferred to Film Co., MGM received all of the stock of the transferee corporation. Had MGM thereafter retained that stock in its own portfolio, no harm would have been done to the debenture holders, since that stock, necessarily worth at least the value of the transferred assets, would have been an asset of MGM, available, if needed, to satisfy the obligation owed to the debenture holders.

■ However, when MGM proceeded to distribute the Film Co. stock to the MGM stockholders, the asset became unavailable to meet the debenture obligation. The complaint adequately alleges that that transfer and distribution were undertaken for the precise purpose of freeing the assets transferred to Film Co. from that obligation. As we have said above, the case law imposes on a debtor corporation the fiduciary duty not intentionally to act to prejudice its unsecured creditors.

---

[1]Such as the Las Vegas fire of the MGM Grand Hotel, to which the complaint refers.

However, although the complaint does adequately allege a valid complaint based on the distribution, it fails to show that the debenture holders have, as of now, suffered any damaged from the breach of duty. It is not alleged that Hotels has failed to pay when due the interest on the debentures or to pay into the sinking fund provided in the indenture all amounts presently required. When, and if, Hotels fails to keep current its obligation to the debenture holders, they will have a right to some relief, but the nature of that relief and the entities from whom relief could be secured are, at present, purely speculative and, assuming that the prayer for equitable relief might support some form of declaratory judgment, the complaint does not allege sufficient facts to permit a court to fashion such a declaration. The debenture holders must await the happening of an actual loss to pursue whatever relief may then be appropriate.

The judgment (order of dismissal) is affirmed.

McClosky, J., and Amerian, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 12, 1983.